C/H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

STEVEN ARRIAGA,

                       Petitioner,

    -against-                                    MEMORANDUM
                                               AND ORDER
R. WOODS, Superintendent,                            05-CV-3422 (DGT)
Upstate Correctional Facility,

                       Respondent.
───────────────────────────────X

TRAGER, United States District Judge:

On March 17, 2005,[1] petitioner currently incarcerated at York County Prison in York, Pennsylvania, filed this *pro se* petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging a 2000 conviction in New York Supreme Court, Kings County. By Order dated June 28, 2005, the petition was transferred to this Court from the United States District Court, Southern District of New York. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has reviewed this petition which appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court therefore directs petitioner to show cause, within thirty (30) days from the entry of this Order, why the petition should not be dismissed as time-barred.

## Discussion

On April 24, 1996, Congress passed the AEDPA which established a one-year statute of

---

    [1]According to petitioner, he delivered the instant petition to prison authorities for mailing to the district court on March 17, 2005. Petition at 7. See Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing). The Pro Se Office of the United States District Court, Southern District of New York, received the instant petition on June 20, 2005.

limitations for the filing of a petition for a writ of *habeas corpus* by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244 (d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Petitioner's instant application for habeas relief appears to be time-barred under the AEDPA. In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final.[2] 28 U.S.C. § 2244(d)(1). The judgment of conviction becomes final ninety days after the date the Court of Appeals denies leave to appeal. Williams v. Artuz, 237 F. 3d 147, 150-51 (2d Cir.) cert. denied, 122 S.Ct. 279 (2001).

Petitioner pleaded guilty to the offenses of murder in the second degree and gun possession in the third degree. Petition ("Pet") at ¶ 5, 13. He was sentenced to seventeen and

---

[2]Petitioner does not allege a basis for the application of 28 U.S.C. § 2244 (a)(1)(B),(C) or (D).

one-half years to life imprisonment on March 1, 2000. Id. at 2. Petitioner apparently filed a direct appeal and a petition for a writ of error *coram nobis,* but he does not provide the dates these submissions were filed. Without this information, the Court is unable to determine whether the petition is timely.

Petitioner's application for a writ of error *coram nobis* was denied on November 10, 2003. People v. Arriaga, 766 N.Y.S.2d 908 (2d Dept 2003). The opinion rendered by the Second Department denying petitioner's application for a writ of error *coram nobis* states "the application is denied as academic. A timely notice of appeal was filed from the judgment and an appeal is pending in this court." Id. Petitioner states that he obtained a decision on his appeal from the Appellate Division Second Department on February 24, 2005. He does not state if he requested leave to appeal from the New York State Court of Appeals. From the information submitted, the Court is unable to determine when petitioner's conviction became final. Thus, the Court is unable to determine when the limitations period began to run.

Petitioner is granted thirty days leave to show cause why the petition should not be dismissed as time-barred. Petitioner shall provide the date he filed his notice of appeal in state court. If petitioner sought further review to a higher court, he shall provide the date that he filed the request for further review, the date of the result and the citation, if available.

Petitioner should also inform the Court of the date he filed his petition for a writ of error *coram nobis* and the date of filing and result of any other post-conviction motions he may have filed. While 28 U.S.C. § 2244 (d)(2) provides for the one-year limitation period to be tolled while state post-conviction motions are pending, petitioner is advised that § 2244(d) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remain undecided. Smith v.

McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*) cert. denied, 531 U.S. 840 (2000)

The Court notes that the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling). Should petitioner have a basis for equitable tolling, he shall present the facts which establish "extraordinary circumstances" and "reasonable diligence" in his affirmation to the Court.

## Conclusion

The Court hereby directs petitioner to show cause by written affirmation, within 30 days from the entry of this Order, why the petition should not be dismissed as time-barred. Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). Petitioner's affirmation shall include the date he filed an appeal in state court, the date of filing and result of any review of that appeal, the date he filed his petition for a writ of error *coram nobis* and any facts which would support the statutory tolling of the one-year period as outlined in 28 U.S.C. § 2244 (d). Should petitioner ask the Court to equitably toll the limitations period, he shall set forth facts that establish the basis for equitable tolling.

No response to the petition shall be required at this time and all further proceedings shall be stayed for thirty days for petitioner to comply with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
DAVID G. TRAGER
United States District Judge

Dated: Brooklyn, New York
August 31, 2005