```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
STEVEN ARRIAGA,

        Petitioner,
                                    MEMORANDUM AND ORDER
   - against -

R. WOODS, Superintendent,           Civil Action No.
Upstate Correctional Facility,      05-CV-3422(DGT)

        Respondent.
-----------------------------X
```

TRAGER, J.:

Petitioner was convicted of one count of Murder in the Second Degree and one count of Criminal Possession of a Weapon in the Second Degree in New York State Supreme Court, Kings County. Petitioner files this pro se petition for a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 (2000), to vacate his judgment of conviction on the basis of a claim of ineffective assistance of counsel. For the following reasons, his petition is denied.

**Background**

**(1)**

On February 6, 1999, petitioner conspired, together with Obrayan Dones, Vincent Vasquez and his twin brother Carlos Arriaga ("Carlos") to commit a robbery at gunpoint. At 7:00 a.m., they entered a cab, and while driving through the

streets of Brooklyn, Carlos pulled out a gun, aimed it at the driver's head, demanded his money and pulled the trigger, killing the driver. Petitioner was arrested and, subsequently, confessed in writing and on videotape to planning and participating in the robbery. Dennehy's Aff. Opp. Pet. for Habeas Corpus ¶ 4.

Petitioner was charged with Murder in the Second Degree, N.Y. Penal Law § 125.25 [3] (McKinney 1999), and Criminal Possession of a Weapon in the Second Degree, Id. § 265.03, and on January 13, 2000, appeared in New York State Supreme Court, Kings County, before the Honorable Michael R. Juviler, for a plea hearing. At the hearing, defense counsel told the court that petitioner intended to plead guilty to the charged counts. The court, in turn explained New York's felony murder doctrine and the consequences of a guilty plea. The court then granted a recess so that petitioner could consult with defense counsel regarding the guilty plea. Plea Hr'g Tr. 98:15, Jan. 13, 2000. After the recess, defense counsel said that he had a discussion with petitioner and that petitioner wanted to plead guilty. The court then asked petitioner three times how he wished to plead. On each occasion, petitioner affirmatively pled guilty to both counts, Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree. Id. 114:25-115:7. The judge then asked petitioner whether he was coerced into pleading guilty, to which petitioner responded, "No." The judge also asked

petitioner numerous times if he understood the proceedings and everything that was taking place. Each time petitioner responded in the affirmative. Next, the judge instructed petitioner of his right to file an appeal with a higher court, stating that in exchange for a guilty plea, petitioner would have to give up his right to file an appeal, which would in effect, make the judge's sentence final. Id. 124:24-127:20. On March 1, 2000, petitioner was sentenced to concurrent prison terms of seventeen and one-half years for the murder, and ten years for the weapon possession.

### (2)

On March 25, 2003, petitioner filed a Notice of Motion for a writ of error coram nobis in the Appellate Division, Second Department, on the grounds of ineffective assistance of trial counsel. Petitioner asserted that his trial counsel failed to timely file a notice of appeal, despite having been advised of petitioner's wish to do so. Aff. Sup. Coram Nobis ¶ 8. Petitioner sought relief in the form of a resentencing nunc pro tunc, which would allow him to appeal the outcome to a higher court.

On November 10, 2003, the Appellate Division denied petitioner's motion stating that "the application is denied as academic," and that "[a] timely notice of appeal was filed from the judgment and an appeal is pending in this Court."

People v. Arriaga, 1 A.D.3d 442, 766 N.Y.S.2d 908 (2d Dep't 2003).

Although petitioner denies doing so, it is clear that in fact he filed a timely notice of appeal, which was received by the trial court on March 17, 2000. Neubort's Aff. Opp. App. Writ. Error Coram Nobis ¶ 11. In addition, a copy of the notice of appeal was also received by the Kings County District Attorney on March 20, 2000. Id. ¶ 7.

Petitioner then requested leave to file a pro se supplemental brief in support of his direct appeal. The request was granted by the Appellate Division on September 22, 2004. However, petitioner failed to file the brief in a timely fashion and on February 24, 2005, permission to file the brief was recalled and the September 22, 2004, order vacated, thus denying petitioner's motion to file a supplemental brief.

Direct review of petitioner's conviction was completed on August 8, 2005, when the Appellate Division unanimously affirmed petitioner's judgment of conviction. People v. Arriaga, 21 A.D.3d 420, 799 N.Y.S.2d 420 (2d Dep't 2005).

Petitioner did not seek to file an appeal with the New York State Court of Appeals. Instead, petitioner, by pro se petition dated March 17, 2005, filed a federal writ of habeas corpus under 28 U.S.C. § 2254 with the United States District Court for the

Southern District of New York.[1]  Petitioner alleged, for the first time, that his trial counsel was ineffective on the bases that 1) he coerced petitioner into pleading guilty and 2) petitioner could not understand the proceedings.  By order dated June 28, 2005, the petition was transferred to the Eastern District of New York, pursuant to Rule 83.3 of the Local Rules of the Southern District of New York.

By order dated August 3, 2005, petitioner was directed to show cause why the petition should not be dismissed as time-barred.  Petitioner was directed to put forth an affirmation, within 30 days, showing the date he filed an appeal in state court, the result of that appeal and the date he filed a petition for a writ of error coram nobis.

Petitioner complied with the order and, by letter dated August 24, 2005, provided the information requested in the order.

On November 2, 2005, the State filed a memorandum in opposition to the Petition arguing that 1) petitioner's claim of ineffective assistance of counsel is unexhausted due to petitioner's failure to raise this claim in state court and is therefore unavailable in federal court and 2) notwithstanding the

---

[1] See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) stating that a pro se petition for habeas corpus is filed with the district court upon submission of the petition to the prison authority for mailing.  The district court actually received the petition on June 20, 2005.

exhaustion of the claim, it is meritless because petitioner was provided with competent counsel who represented him reasonably at the allocution.[2]  Mem. in Opp'n at 2.

**Discussion**

**(1)**

**Standard of Review**

Under AEDPA, federal courts apply a deferential standard of review when reviewing a habeas corpus petition by a prisoner challenging a state court conviction that was adjudicated on the merits.  28 U.S.C. § 2254(d).  When a petitioner's claim has been adjudicated on the merits in state court, habeas relief will be available only if the petitioner can show that the state court decision: 1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or 2) was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

An "adjudication on the merits" is one that "(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment."  Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001)

---

2 Petitioner raised an ineffective assistance of counsel claim in state court, albeit on different grounds; namely, that petitioner's trial counsel failed to timely appeal his conviction.

6

(internal quotation marks omitted).  The Second Circuit gives a "broad reading" to state court adjudications.  <u>Brown v. Artuz</u>, 283 F.3d 492, 498 (2d Cir. 2002).  Thus, the adjudication requirement is satisfied when the state court states: "Defendant's remaining contentions are without merit."  <u>See id.</u>

A state court adjudication is "contrary to" clearly established federal law either if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the claim differently than the Supreme Court has on a case with materially indistinguishable facts.  <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000).  A state court's decision involved an "unreasonable application" of federal law if it "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case."  <u>Id.</u> at 413.  The Court stressed that the state court must have applied the law "unreasonabl[y]," not merely "erroneously or incorrectly."  <u>Id.</u> at 411.

Determination of factual issues made by a state court "shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## (2)

### Exhaustion

The state argues that Petitioner's claim of ineffective assistance of counsel is unexhausted due to petitioner's failure to raise the claim in state court. Mem. in Opp'n at 1. Pursuant to 28 U.S.C. § 2254 (b)(1)(A), a petitioner in state custody may not seek federal habeas relief unless he has "exhausted the remedies available in the courts of the state."

"The Exhaustion Rule of § 2254 (b)(1)(A)... bars the federal court from granting relief under § 2254 from a state court conviction until the petitioner has utilized every opportunity offered to him in state procedure to obtain the same relief from the state courts." DiSimone v. Phillips, 518 F.3d 124, 127 (2d Cir. 2008).

In order to exhaust one's state court remedies and preserve an issue for collateral review, a petitioner for habeas relief must "'fairly present' his claim to the state courts." See Galaraza v. Keane, 252 F.3d 630, 638 (2d Cir. 2001) (quoting Daye v. Attorney Gen. Of the State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982) (en banc)).

For a habeas petitioner to "fairly present" a claim to the state courts, he must have stated both the factual and legal

premises of his federal claim to the state court. See Daye, 696 F.2d at 191. If, however, he does not "fairly present" his claim to the state court and now seeks to raise the claim in federal court, the claim will be deemed unexhausted.

Here, petitioner failed to exhaust his state court remedies because he did not "fairly present" his claim to the state court. This is evidenced by the fact that petitioner, in his direct appeal, although stating the legal grounds for his appeal as ineffective assistance of counsel, stated factual grounds that are different from the factual grounds raised in this habeas petition. In the direct appeal, petitioner declared that his trial counsel was ineffective, albeit, solely on the grounds that his trial counsel failed to timely appeal his conviction. Petitioner failed, however, to raise the ineffective assistance of counsel claim on the grounds raised here, that petitioner's trial counsel coerced him into pleading guilty and that petitioner did not understand the plea proceedings. Because petitioner did not state the factual premises of his claim to the state court, petitioner's claims are, therefore, unexhausted.

Nevertheless, if it is apparent that petitioner may re-raise his unexhausted federal claim in state court, a federal court may offer the petitioner "the choice of returning to state court to exhaust his claim." Rose v. Lundy, 455 U.S. 509, 510 (1982). If, however, petitioner does not have a forum in state court where he

may re-raise his unexhausted claim then he will be considered procedurally barred and unable to re-raise his claim in state court. See Clark v. Perez, 510 F.3d 382, 390 (2d Cir. 2008). "Specifically, when a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." Id. (quoting Coleman, 501 U.S. at 735 n. 1).

A state habeas corpus petitioner could possibly overcome a procedural default bar by demonstration either "cause" and "actual prejudice," or that he is "actually innocent." Bousley v. United States, 523 U.S. 614, 622. Here, however, petitioner has not put forth any valid reason to overcome this bar and, therefore, remains procedurally defaulted.

In this instance, petitioner is procedurally barred from re-raising his claim in state court. New York State law provides that a motion to appeal from a conviction must be filed within thirty days of a conviction. N.Y. Crim. Proc. Law § 460. Although petitioner timely raised the ineffective assistance of counsel claim to the Appellate Division, he did so solely on the basis of his counsel's failure to file a timely notice of appeal, which occurred post-conviction. Petitioner failed to state a claim based on counsel's performance during the plea hearing. Because

petitioner failed to raise this claim on direct appeal, he is procedurally defaulted.  Furthermore, § 440.10 of the New York Law of Criminal Procedure lays out the framework in which a state trial court may grant a motion by defendant to vacate a judgement. Section 440.10 (1)(h) provides that a court may vacate a judgement on the ground that "[t]he judgment was obtained in violation of a right of the defendant under the constitution... of the United States."  However, § 440.10 (2)(c) states that a court must deny a motion to vacate a judgement if

> "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him."

Petitioner's failure to adequately raise, on direct appeal, the ineffective assistance of counsel claim on the grounds raised here leaves petitioner with no avenue of relief from the state courts.

### (3)

### The Merits of the Ineffective Assistance Claim

Notwithstanding petitioner's failure to exhaust all state

11

court remedies, a federal court reviewing an unexhausted habeas petition may still deny the motion on the merits pursuant to § 2254 (b)(2). Here, petitioner's claim fails on the merits because his ineffective assistance of counsel claim does not pass the two-prong test set forth by the Supreme Court.

In <u>Strickland v. Washington</u>, 466 U.S. 688 (1984), the Supreme Court stated that in order to be successful in a claim of ineffective assistance of counsel, a petitioner must satisfy a two-part test. First, a petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness." <u>Id.</u> at 688. In this respect, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. Second, petitioner must show that the ineffective assistance of counsel prejudiced him. <u>Id.</u> at 694. The Court defined the "prejudice" prong as requiring petitioner to show that but for counsel's error, the outcome at trial would have been different. <u>Id.</u> The Court further stated that the issue of prejudice, however, need not be addressed, if a petitioner cannot demonstrate first the inadequacy of his counsel's performance. "[T]here is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Id.</u> at 697. If the ineffective assistance of counsel claim relates to an involuntary guilty

plea, as it does here, then the court must evaluate the claim under the <u>Strickland</u> standard and determine whether, but for counsel's error, the defendant "would not have pleaded guilty and would have insisted on going to trial." <u>United States v. Hernandez</u>, 242 F.3d 110, 112 (2d Cir.2001) (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985)) (applying <u>Strickland</u> to the context of guilty pleas).

In the case at bar, petitioner claims that he was coerced into pleading guilty and that he did not understand the proceedings. The record does not support this claim. Indeed, the record supports the conclusion that petitioner was not coerced into pleading guilty, but, rather, pled guilty on his own accord, and that petitioner fully understood the proceedings throughout the plea hearing. Furthermore, petitioner never expressed a desire to proceed to trial rather than plead guilty.

At the plea hearing, the judge granted a recess to allow petitioner to consult with his counsel regarding a guilty plea. Plea Hr'g Tr. 98:15, Jan. 13, 2000. After the recess, counsel stated that he had a discussion with petitioner and that petitioner wanted to plead guilty. The court then asked petitioner three times how he wished to plead. On each occasion, petitioner affirmatively pled guilty to both counts, Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree. <u>Id.</u> 114:25-115:7. The court then asked

13

petitioner whether he was coerced into pleading guilty, to which petitioner responded, "No." The court also asked petitioner numerous times if he understood the proceedings and everything that was taking place. Each time petitioner responded in the affirmative.

Petitioner's claim of ineffective assistance of counsel fails the first prong of the <u>Strickland</u> test as there is no evidence whatsoever of petitioner's counsel being objectively unreasonable. Rather, to the contrary, petitioner's counsel made sure that petitioner understood the proceedings and the consequences of a guilty plea, thus, fulfilling his role as effective counsel.

The court need not reach the second prong of the <u>Strickland</u> test because petitioner failed to pass the first prong of the test. However, even if we were to reach the second prong of the <u>Strickland</u> test, petitioner's argument would fail because he has not demonstrated that but for counsel's error, the defendant "would not have pleaded guilty and would have insisted on going to trial." <u>United States v. Hernandez</u>, 242 F.3d at 112.

**Conclusion**

Petitioner has shown no basis for relief under § 2254, and, therefore, his petition is denied. The Clerk of the Court is directed to enter judgment accordingly and close the case.

In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); <u>Lucidore v. N.Y. Div. of Parole</u>, 209 F.3d 107, 111-13 (2d Cir. 2000).

Dated:   Brooklyn, New York
         November 6, 2008

                                    SO ORDERED:


                                        /s/
                                    David G. Trager
                                    United States District Judge